Case 4:15-cv-01037   Document 18   Filed in TXSD on 08/12/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON WELCH-TAYLOR, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-15-1037 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

# SUMMARY JUDGMENT OPINION AND ORDER

Shannon Welch-Taylor filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for social security benefits. The Commissioner moved for summary judgment (Dkts. 16, 17).[1] The Commissioner's motion is granted.[2]

## Background

ShannonWelch-Taylor applied for social security disability benefits in February 2013 alleging disability since April 11, 2012. Her claims were denied at the initial and reconsideration levels. At plaintiff's request a hearing was held on May 28,

---

[1] Plaintiff was ordered to file a motion for summary judgment by December 29, 2015 (Dkt. 9). When she did not do so, the court ordered her to show cause on or before February 2, 2016 why her case should not be dismissed for want of prosecution (Dkt. 11). Plaintiff filed a response asserting in general that she suffered from mental and physical disabilities and wished to proceed in this case challenging the Commissioner's decision (Dkt. 12). The court ordered the Commissioner to file a dispositive motion, and gave plaintiff until August 1, 2016 to respond. She has not done so.

[2] The parties consented to the jurisdiction of this magistrate judge (Dkt. 15).

2014, and on October 21, 2014 the ALJ issued an unfavorable decision concluding plaintiff is not disabled. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.

## Analysis

### A.     Legal Standards

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

## B.     The ALJ's Decision

The ALJ followed the usual 5-step sequential analysis in reaching her decision.[3] The ALJ found that plaintiff has the following severe impairments: asthma, somatoform disorder, major depressive disorder, and conversion disorder with motor symptoms or deficits. Her impairments do not meet or equal a listing in Appendix 1. The ALJ further found that plaintiff has the residual functional capacity to:

> lift, carry, push, or pull 20 pounds, occasionally and 10 pounds, frequently; stand 6 hours in an 8-hour workday with normal breaks; walk 6 hours in an 8-hour workday with normal breaks; and sit 6 hours in an 8-hour workday with normal breaks. The work [was] limited to performing routine simple, routine repetitious work with one, two or three step instructions in a supervised, low stress environment with no fast production pace or strict production quotas. The work could include only occasional contact with the public, co-workers, and supervisors. Further, the work was limited to exposure to only moderate humidity and no exposure to fumes, gases, dusts, or poor ventilation.

Dkt. 6-3 at 19. Based on this RFC and the testimony of a vocational expert, the ALJ concluded that plaintiff could not perform her past relevant work, but was not disabled because she was capable of performing other jobs existing in significant numbers in the national economy (Dkt. 6-3 at 24-25).

---

[3]   (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

## C.  Substantial Evidence Supports the ALJ's decision

Plaintiff has pointed to no legal error in the ALJ's decision. The ALJ performed the usual 5-step analysis, properly weighed the medical opinion evidence, and based her ultimate decision on a proper hypothetical question to a vocational expert. The court construes plaintiff's claim to be that the ALJ's RFC assessment is not supported by substantial evidence.

The ALJ thoroughly reviewed plaintiff's medical records and her testimony at the hearing. Although the objective medical evidence showed that plaintiff suffers from several conditions, the ALJ found her conditions not as limiting as she claimed.

The ALJ found plaintiff's testimony about the degree of her limitations inconsistent with her history of living alone and her treatment history. For example, although she reported worsening asthma symptoms since her alleged disability onset date, plaintiff has never been hospitalized or visited an emergency room. Her primary care physician cleared her to return to work in January 2013 after a medical leave, and thereafter she went for follow up only every 3-4 months. She also failed to properly use her prescribed asthma medication, and gave conflicting information regarding her sleep apnea to examiners. *See* Dkt. 6-3 at 21-22 and exhibits cited therein.

As to her mental heath, psychological reports from plaintiff's treating physicians during 2013 were mostly unremarkable with indications that she could be treated with

medication and monthly follow-up. In July 2013, a provider noted that she self-reported conflicting information.  *See* Dkt. 6-3 at 23 and exhibits cited therein.

Plaintiff was presented to MHMRA of Harris County for evaluation in November 2013 in the custody of a Houston Police Officer, at which time a mental health warrant was issued. Plaintiff complained back pain so severe she wanted to die. She refused to cooperate with the examiner, instead asking the examiner to fill out disability paperwork without a full examination. (Dkt. 6-12 at 45). Based on this record, the ALJ did not err in giving little weight to the November 20, 2013 assessment, including a GAF score of 30, and greater weight to the assessments of plaintiff's primary care physicians and a psychological consultative examiner, including a GAF score of 57 in September 2013 (Dkt. 6-10 at 84).

## Conclusion

For the reasons stated above, the Commissioner's motion for summary judgment (Dkt. 16) is granted. The court will issue a separate final judgment affirming the ALJ's decision.

Signed at Houston, Texas on August 12, 2016.

Stephen Wm Smith
United States Magistrate Judge